**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**DOMENIC J. ANTINUCCI,**
1255 Baltimore Annapolis Boulevard,
Arnold, Maryland 21012
**Plaintiff,**

**v.**

**MARILYN NICOLE PAUL,**
1312 9th Street, N.W.,
Washington, D.C. 20001

Or

880 P Street, N.W.,
Washington, D.C. 20001,

and

**JAMI BAILEY,**
Registered Number 85152-007
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640
**Defendants.**

**Civ. Action No.______________**

**JURY TRIAL DEMANDED**

**VERIFIED COMPLAINT**

Plaintiff, Domenic J. Antinucci ("Mr. Antinucci"), by and through his undersigned attorneys, as and for his Verified Complaint, alleges as follows:

**PARTIES**

1. Mr. Antinucci is an individual citizen of the State of Maryland, residing at 1255 Baltimore Annapolis Boulevard, Arnold, Maryland 21012.

2. Defendant Nicole Paul ("Defendant Paul") is an individual citizen of the District of Columbia, residing at 1312 9th Street, N.W., Washington, D.C. 20001, or at 880 P Street, N.W., Washington D.C. 20001.

3. Defendant Jami Bailey ("Defendant Bailey") is an individual citizen of the District of Columbia, residing at 1312 9th Street, N.W., Washington, D.C. 20001, or at 880 P Street, N.W., Washington D.C. 20001, prior to September 9, 2021. Since September 9, 2021, Defendant Bailey has been resident at FCI Fort Dix, Federal Correctional Institution, Joint Base MDL, N.J. 08640.

**JURISDICTION**

4. This Court has jurisdiction of this dispute pursuant to 28 U.S.C. §1332. Mr. Antinucci is a citizen of Maryland, Defendant Paul is a citizen of the District of Columbia, and Defendant Bailey is a citizen of the District of Columbia or New Jersey, providing complete diversity. The amount in dispute in this action exceeds $75,000.

**VENUE**

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) in that this is a judicial district within which both Defendants reside, or in which Defendant Bailey did reside prior to his incarceration. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

*Enodo, The LLC.*

6. Mr. Antinucci and Defendant Bailey are the sole members of a limited liability company formed pursuant to the laws of the state of Delaware known as Enodo Networks LLC ("Enodo"). Enodo was formed on or about August 24, 2018. Both Mr. Antinucci and Defendant Bailey are 50 percent members. (A copy of the unexecuted LLC Agreement between Mr. Antinucci and Defendant Bailey is attached as Exhibit A).

7. Enodo provides network infrastructure design, implementation, operation, and troubleshooting services to its clients in a flexible consumption model. Enodo's customers are primarily information technology ("IT") providers whose primary end-users are government agencies, departments, or entities. Enodo provides both product and services support.

8. The LLC Agreement governs the corporate management and operation of the LLC. Its provisions detail Enodo's overall management and day-to-day operations. As just one example, Paragraph 6.1, "Members and Voting Rights" provides:

> The Members have the right and power to vote on all matters with respect to which the Certificate of Formation, this Agreement, or the Delaware Limited Liability Company Act requires or permits. Unless otherwise stated in this Agreement (for example, in Section 4.1(c)) or required under the Delaware Limited Liability Company Act, the vote of the Members holding at least a majority of the Voting Interest of the Company is required to approve or carry out an action.

9. Paragraph 6.1 mandates, in effect, that Mr. Antinucci and Defendant Bailey be in agreement for any action to be taken by Enodo.

*Defendant Paul's Financial Interests*

10. Defendant Paul is the wife of Defendant Bailey.

11. Upon information and belief, Defendant Paul is a member of a business entity known as Evolution Technical Solutions, LLC ("ETS"). Defendant Paul owns a 50 percent share in ETS

and, upon information and belief, owns that share with Defendant Bailey. ETS provides the same sort of IT services that Enodo provides.

12. Defendant Paul is also the owner of a DC-based company by the name of High Definition Hair with company address of 1312 9th Street, N.W., Washington, D.C. 20001.

*Defendant Bailey's "Cancer" and Incarceration*

13. In October of 2020, Defendant Bailey advised Mr. Antinucci that Defendant Bailey had been diagnosed with laryngeal cancer. (A copy of the Text Message dated October 23, 2020 re Cancer between Defendant Bailey and Mr. Antinucci is attached as Exhibit B).

14. Defendant Bailey represented to Mr. Antinucci that he needed to step away from Enodo business to treat his cancer.

15. Around this same time, Defendant Bailey represented to Mr. Antinucci that he needed money to pay for his cancer treatments. (See Exhibit B).

16. Defendant Bailey requested that Mr. Antinucci buy him out of another entity that the two had formed together, ReSTNSX, so Defendant Bailey would have enough money to pay for his cancer treatments and to relieve Defendant Bailey from the stress of working full-time. Mr. Antinucci and Defendant Bailey agreed upon a buy-out price for ReSTNSX. Defendant Bailey executed a related letter purchase and sale agreement. Defendant Bailey sold his shares back to ReSTNSX for the agreed upon price of $150,000. (A copy of the Text Message dated October 22, 2020 between Defendant Bailey and Mr. Antinucci re Buyout is attached as Exhibit C). Upon information and belief, Defendant Bailey did not use the proceeds from his ReSTNSX sale to obtain cancer treatment.

17. At or near the time of the ReSTNSX transaction, Defendant Bailey also requested that Mr. Antinucci buy him out of Enodo. Defendant Bailey orally and via text accepted the buy-

out price of $300,000 for Enodo. (See Exhibit C). Defendant Bailey requested that Mr. Antinucci send him a buy-out document to purchase his Enodo shares. However, Defendant Bailey failed to sign the letter agreement for the buy-out of his Enodo shares.

18. Through the end of 2020 and until September 2021, Defendant Bailey continued to represent to Mr. Antinucci that Defendant Bailey was receiving cancer treatments that rendered him largely unable to work.

19. For the last quarter of 2020 and until September of 2021, Defendant Bailey worked approximately only five to ten hours a week for Enodo. Defendant Bailey was also unavailable for Enodo meetings due to his claim that he had doctor appointments or cancer treatments that prevented his presence.

20. In reality, Defendant Bailey did not have cancer. In reality, Defendant Bailey was unavailable because he was dealing with federal charges alleging violations of child pornography laws. The Statement of Offense filed by the United States relates that in 2017 Defendant Bailey's home was searched and certain computers were seized. According to the Statement of Offense, some of these computers contained images of child pornography, search terms indicative of child pornography, as well as related file names. According to the Statement of Offense, Defendant Bailey's Apple iPhone contained 1,052 images consistent with child pornography and his Dell laptop contained 1,077 images and 132 videos depicting child pornography. Defendant Bailey executed the Statement of Offense, which contained the admission "I agree and acknowledge by my signature that this Statement of the Offense is true and accurate." (A copy of the Statement of Offense is attached as Exhibit D).

21. On January 25, 2021, Defendant Bailey signed a plea agreement agreeing to plead guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

22. After signing the plea agreement, Defendant Bailey continued to represent to Mr. Antinucci that he was undergoing treatment for cancer. For example, in early 2021, Defendant Bailey told Mr. Antinucci via text message that Defendant Bailey would need to travel to Texas to receive radiation treatment. (A copy of a Text Message dated approximately February 10, 2021 re Texas between Defendant Bailey and Mr. Antinucci is attached as Exhibit E).

23. After signing the plea agreement, Defendant Bailey continued to request financial assistance from Mr. Antinucci. For example, in early 2021, Defendant Bailey asked Mr. Antinucci for a $20,000 commission to help Defendant Bailey pay for his purported hair loss treatments. Defendant Bailey told Mr. Antinucci that such treatments were not covered by insurance. (A copy of a Text Message dated April 28, 2021 re Hair Loss between Defendant Bailey and Mr. Antinucci is attached as Exhibit F).

24. Defendant Paul's company, High Definition Hair, creates custom wigs for vanity and medical purposes for those experiencing hair loss. Upon information and belief, High Definition Hair serves both adult and minor clients.

25. On July 1, 2021, Mr. Bailey texted Mr. Antinucci that it "would be nice to come back to 2M sitting neatly placed in my bank account." (A copy of the Text Message dated approximately July 1, 2021 re Bank Account between Defendant Bailey and Mr. Antinucci is attached as Exhibit G).

26. On July 19, 2021, Defendant Bailey was sentenced to thirty-three (33) months in federal prison.

27. Following his sentencing, Defendant Bailey continued to misrepresent that his absence from Enodo was due to cancer treatment. On August 19th, 2021, Defendant Bailey texted Mr. Antinucci that Defendant Bailey would begin radiation treatment in two weeks and that the

"attempt to reduce the size of the tumor hasn't really shown much of a noticeable difference." (A copy of the Text Message dated August 19, 2021 re Radiation Treatment between Defendant Bailey and Mr. Antinucci is attached as Exhibit H).

28. Defendant Bailey began his 33-month sentence at the Federal Correction Institution, Fort Dix on September 9th, 2021.

29. Upon release from prison, Defendant Bailey will be subject to a sixty (60) month period of supervised release. During supervised release, Defendant Bailey must allow his computers to be monitored and submit his computers and electronic devices to searches by authorities. Many of Enodo's clients provide laptops or remote access technologies where monitoring software cannot be installed. Accordingly, Defendant Bailey cannot meaningfully participate in Enodo business throughout the period of his supervised release.

*Defendants' Conspiracy*

30. In the fall of 2021, if not before, Defendant Paul conspired with Defendant Bailey to conceal Defendant Bailey's conviction and incarceration.

31. Immediately prior to his incarceration, Defendant Bailey provided Defendant Paul with detailed instructions on how to conduct Enodo business, including how to access confidential and proprietary information and accounts. Defendant Bailey provided Defendant Paul with this information so that Defendant Paul could purport to conduct Enodo business during Defendant Bailey's incarceration. (A copy of the Email dated September 7, 2021 is attached as Exhibit I).

32. Upon information and belief, Defendant Bailey established a new cell phone number approximately two weeks before Defendant Bailey's incarceration. Defendant Bailey established this number, among other reasons, so that Defendant Paul could misrepresent herself as Defendant

Bailey. Upon information and belief, Defendant Paul used this new cell phone to facilitate communication with Defendant Bailey in prison.

33. During this time, Defendant Paul misrepresented to Mr. Antinucci that Defendant Bailey was unable to attend to Enodo business due to the side effects of medical treatment.

34. To conceal Defendant Bailey's incarceration, Defendant Paul impersonated Defendant Bailey in text messages, including texts to Mr. Antinucci, and purported to conduct Enodo business on Defendant Bailey's behalf.

35. Defendant Paul misrepresented herself as an officer of Enodo for purposes of conducting Enodo business. For example, Defendant Paul sent text messages discussing and forwarding Enodo business information while misrepresenting herself as Defendant Bailey.

36. Defendant Paul accessed confidential and proprietary Enodo information, including bank accounts. For example, upon information and belief, Defendant Paul accessed Enodo's Wells Fargo bank account and made transfers from that account, including $5,614.37 and $21,933 to "Bailey J" on October 4, 2021, and $41,000 on November 7, 2021.

37. Defendant Paul contacted Enodo clients and sought to damage Enodo's business relationship as well as obtain confidential information regarding contracts and negotiations. Defendant Paul contacted Enodo client N2Grate in January of 2022 seeking information about the contract between Enodo and N2Grate. (A copy of the Email dated approximately January 2022 is attached as Exhibit J). Upon information and belief, Defendant Paul contacted Enodo client Thundercat in a similar fashion.

38. Due to Defendant Bailey's and Defendant Paul's misrepresentations and false statements, Mr. Antinucci did not learn of Defendant Bailey's criminal conviction and

incarceration until sometime in the fall of 2021 when Mr. Antinucci was advised by a third-party of Defendant Bailey's imprisonment.

39. Defendant Paul intentionally led Mr. Antinucci to believe that Defendant Bailey was physically and financially suffering due to his treatment, causing Mr. Antinucci undue personal and professional stress. Defendant Paul's communications were intended to and did make Mr. Antinucci feel great pity and concern for his sick colleague. In reality, Defendant Paul knew Defendant Bailey was in prison for possession of child pornography. Defendant Paul communicated that Defendant Bailey's acute illness and treatment rendered him so ill that he could not conduct Enodo business. This placed the entire burden of the business on Mr. Antinucci. Defendant Paul's communications went so far as to place the burden of Defendant Paul's treatment on Mr. Antinucci in the form of demands for health insurance. Defendant Paul's email communications about deal status, booking amounts, and payments caused Mr. Antinucci enormous personal stress as he believed Defendant Bailey's life depended on this money for cancer treatments.

*Defendants' Tortious Interference and Unfair Competition*

40. During this same period of time, and unbeknownst to Mr. Antinucci, Defendant Paul became a member in ETS. Upon information and belief, ETS is in direct competition with Enodo.

41. Defendant Paul undertook this ETS enterprise in conjunction with Defendant Bailey. ETS has done business with at least three entities that were clients or potential clients of Enodo: the Virginia Beach government, the District of Columbia government, and Avenue Insights. Upon information and belief, Defendant Bailey has not worked on any Enodo business or business development since he was incarcerated.

42. Several Enodo clients have independently learned of Defendant Bailey's incarceration. Once these Enodo clients learned of Mr. Bailey's incarceration, they canceled their Enodo contracts. For example, Thundercat Technology had a contract worth $2.6 million with Enodo. Based on Defendants' conduct, Thundercat Technology has cancelled its contract with Enodo and requested a refund of $45,000 from Enodo.

43. N2Grate had a contract worth $350,000 with Enodo. Based on Defendants' conduct, N2Grate has cancelled its contract with Enodo.

44. Iron Bow had a contract with Enodo worth approximately $100,000. Based on Defendants' conduct, Iron Bow has cancelled its contract with Enodo.

45. Colossal Contracting has a contract with Enodo worth approximately $1,100,000. It is still to be determined whether Colossal Contracting will cancel its contract in a manner similar to N2Grate, Thundercat, and Iron Bow.

46. Aurotech had a contract with Enodo worth approximately $950,000. Based on Defendants' conduct, Aurotech has canceled its contract with Enodo.

47. In addition to existing contracts, Enodo had bids out for two anticipated contracts with the Washington Metropolitan Area Transit Authority (approximately $900,000) and the Federal Bureau of Investigation (approximately $800,000) through a prime contract between Enodo and Thundercat. Both potential deals were lost when the prime contract with Thundercat was canceled.

*Defendants' Embezzlement and Corporate Waste*

48. Despite the fact that Defendant Bailey was incarcerated at the time, on October 4, 2021, Enodo's bank records indicate online transfers were made to "Bailey J" in the amounts of $5,614.37 and $21,933. Defendant Paul had no right to make these transfers.

49. Because the LLC Agreement effectively requires consent by both members to make management decisions, Mr. Antinucci cannot efficiently operate Enodo with Defendant Bailey incarcerated. The Code of Federal Regulations prohibits inmates from conducting business. 28 C.F.R. § 541.3.

## FIRST CLAIM FOR RELIEF
(Tortious Interference with Contract against Defendant Paul)

50. Mr. Antinucci repeats and re-alleges each and every allegation set forth in paragraphs 6 through 49 above as if fully set forth here.

51. The LLC Agreement constituted a contract between Defendant Bailey and Mr. Antinucci.

52. Defendant Paul had knowledge of the LLC Agreement.

53. Defendant Paul intentionally induced and facilitated Defendant Bailey to breach the LLC Agreement.

54. Mr. Antinucci suffered injury and has been damaged by Defendant Paul's tortious interference with the LLC Agreement.

55. Mr. Antinucci at all relevant times complied with the LLC Agreement.

56. As a result of Defendant Paul's tortious interference with the LLC Agreement, Mr. Antinucci has suffered damages in an amount to be determined at trial but in excess of $75,000.

<u>SECOND CLAIM FOR RELIEF</u>

(Tortious Interference with Economic Advantage against Defendant Paul)

57. Mr. Antinucci repeats and re-alleges each and every allegation set forth in paragraphs 6 through 56 above as if fully set forth here.

58. Mr. Antinucci and Enodo had valid business relationships and expectancies including the Virginia Beach government, the District of Columbia government, Avenue Insights, Washington Metropolitan Area Transit Authority (via Thundercat) and the Federal Bureau of Investigations (via Thundercat).

59. Defendant Paul had knowledge of Mr. Antinucci's and Enodo's business relationships and expectancies including the Virginia Beach government, the District of Columbia government, Avenue Insights, Washington Metropolitan Area Transit Authority (via Thundercat) and the Federal Bureau of Investigations (via Thundercat).

60. Defendant Paul intentionally interfered with Mr. Antinucci's and Enodo's business relationships and expectancies, including the Virginia Beach government, the District of Columbia government, Avenue Insights, Washington Metropolitan Area Transit Authority (via Thundercat) and the Federal Bureau of Investigations (via Thundercat), causing breaches and terminations of those relationships and expectancies.

61. Mr. Antinucci suffered injury and has been damaged by the breaches and terminations of Mr. Antinucci's and Enodo's business relationships and expectancies.

62. As a result of the breaches and terminations of Mr. Antinucci's and Enodo's business relationships and expectancies, Mr. Antinucci has suffered damages in an amount to be determined at trial but in excess of $75,000.

<u>THIRD CLAIM FOR RELIEF</u>
(Corporate Waste against Defendant Paul)

63. Mr. Antinucci repeats and re-alleges each and every allegation set forth in paragraphs 6 through 62 above as if fully set forth here.

64. Defendant Paul egregiously and irrationally exchanged or diverted Enodo's corporate assets for consideration so disproportionately small as to lie beyond the range at which a reasonable person might be willing to trade.

65. Mr. Antinucci suffered injury and has been damaged by Defendant Paul's diversion of corporate assets for improper and unnecessary purposes.

66. As a result of Defendant Paul's illegal diversion of corporate assets, Mr. Antinucci has suffered damages in an amount to be determined at trial but in excess of $75,000.

<u>FOURTH CLAIM FOR RELIEF</u>
(Fraud against Defendant Paul)

67. Mr. Antinucci repeats and re-alleges each and every allegation set forth in paragraphs 6 through 66 above as if fully set forth here.

68. Defendant Paul falsely represented to Mr. Antinucci that Defendant Bailey was suffering from a serious physical illness and led Mr. Antinucci to believe, consistent with Defendant Bailey's misrepresentations, that Defendant Bailey was suffering from cancer.

69. Defendant Paul failed to disclose or remained silent about the actual facts regarding Defendant Bailey's absence from Enodo.

70. Defendant Paul knew that Defendant Bailey was not suffering from cancer.

71. Defendant Paul falsely represented, or led Mr. Antinucci to believe, that Defendant Bailey was suffering from cancer with the intention of deceiving Mr. Antinucci.

72. Defendant Paul falsely represented, or led Mr. Antinucci to believe, that Defendant Bailey was suffering from cancer rather than disclose the fact of his incarceration. Defendant Paul did so in an effort to protect her business reputation and financial interests in Enodo, ETS, and High Definition Hair.

73. Mr. Antinucci relied on Defendant Paul's false representations in making personal and business decisions. Mr. Antinucci approved commissions and health care policies and made hiring, salary, and other critical business decisions in reliance on Defendant Paul's fraudulent misrepresentations. In reliance on Defendant Paul's misrepresentations, Mr. Antinucci did not take certain proactive measures to protect Enodo business, including negotiating a potential buyout of Defendant Bailey's interests in Enodo, disclosing Defendant Bailey's conviction to business partners, and clearly communicating to Enodo's clients Enodo's plans to comply with all contractual obligations.

74. Mr. Antinucci suffered injury and has been damaged by Defendant Paul's fraudulent misrepresentations and omissions.

75. As a result of Mr. Antinucci's reliance on Defendant Paul's fraudulent misrepresentations and omissions, Mr. Antinucci has suffered damages in an amount to be determined at trial but in excess of $75,000.

<u>FIFTH CLAIM FOR RELIEF</u>
(Civil Conspiracy against Defendants Paul and Bailey)

76. Mr. Antinucci repeats and re-alleges each and every allegation set forth in paragraphs 6 through 75 above as if fully set forth here.

77. Defendant Paul and Defendant Bailey agreed to fraudulently misrepresent to Mr. Antinucci that Defendant Bailey was suffering from cancer and to conceal Defendant Bailey's incarceration from Mr. Antinucci.

78. In furtherance of their common scheme, Defendant Paul and Defendant Bailey fraudulently misrepresented to Mr. Antinucci that Defendant Bailey was suffering from a serious physical illness and treatment for that illness and concealed Defendant Bailey's incarceration from Mr. Antinucci.

79. Defendant Paul and Defendant Bailey's conspiracy involving fraudulent misrepresentations and concealment caused Mr. Antinucci injury.

80. As a result of Defendant Paul and Defendant Bailey's conspiracy to misrepresent Defendant Bailey as suffering severe physical illness, Mr. Antinucci suffered damages in an amount to be determined at trial but in excess of $75,000.

## SIXTH CLAIM FOR RELIEF
(Intentional Infliction of Emotion Distress Against Defendant Paul)

81. Mr. Antinucci repeats and re-alleges each and every allegation set forth in paragraphs 6 through 80 above as if fully set forth here.

82. Defendant Paul engaged in extreme and outrageous behavior by repeatedly misrepresenting to Mr. Antinucci that Defendant Bailey was suffering from a medical illness rather than incarcerated for possession of child pornography.

83. Defendant Paul knowingly and intentionally misrepresented to Mr. Antinucci that Defendant Baily was suffering from a medical illness, impersonated Defendant Bailey, and conducted Enodo business without legal authority.

84. Defendant Paul's repeated misrepresentations caused Mr. Antinucci severe emotional distress in the form of worry, emotional burden, and work exhaustion.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Domenic J. Antinucci demands judgment in his favor and against Defendants Marilyn Nicole Paul and Jami Bailey for:

A. Compensatory damages in an amount to be proven at trial but in excess of $75,000;

B. Punitive damages in an amount to be proven at trial but in excess of $75,000;

C. Costs and expenses incurred in bringing this action including but not limited to attorneys' fees and expert fees; and

D. Such other and further relief as this Court deems just and proper.

Plaintiff demands trial by jury.

Respectfully Submitted,

/s/______________________

Kim Sperduto
ksperduto@stglawdc.com
D.C. Bar No. 416127
**SPERDUTO THOMPSON & GASSLER, PLC**
1050 30th St., NW
Washington D.C. 20007
202.408.8900
202.408.8910 (f)

Dated: March 29, 2022
Counsel for Plaintiff
Domenic J. Antinucci

**VERIFICATION**

I have read the foregoing Verified Complaint and I solemnly affirm under the penalties of perjury that the factual allegations contained therein are true based on my personal knowledge, or based on the knowledge I have gained through communications made to me as a member of Enodo Networks LLC.

Domenic J. Antinucci